**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| GIOVANNI ARGETA ESCOBAR, AKA Giovanni Escobar, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   17-70243 <br><br> Agency No. A205-321-957 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022[**]
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and BOLTON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Giovanni Argeta Escobar ("Escobar"), a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an immigration judge ("IJ") denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citation omitted). We review legal questions de novo but review the agency's factual findings for substantial evidence. *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020). Whether a group qualifies as a particular social group is a question of law. *Id.* at 482 (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014)). A factual finding "is not supported by substantial evidence when 'any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record.'" *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1.     The agency did not err in concluding that Escobar failed to establish membership in a cognizable particular social group of "young Salvadoran men

2

who refuse to join gangs." *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (in order to establish membership in a cognizable social group, "an applicant must show that the proposed social group is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). In rejecting Escobar's proposed social group, the agency concluded that Escobar failed to provide evidence that Salvadoran society viewed his proposed group as socially distinct. Substantial evidence supports this conclusion. *See id.* ("whether there is evidence that a specific society recognizes a social group" is a factual question); *Cordoba*, 962 F.3d at 482 ("[T]o have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014))); *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (social distinction requirement "refers to general social perception . . . not . . . the perspective of the persecutors") (citations omitted).

2.     Substantial evidence supports the agency's finding that Escobar was not entitled to relief under the CAT. To be eligible for such protection, a petitioner must demonstrate that "it is more likely than not that he or she would be tortured if

removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) ("[T]he petitioner must show that it is 'more likely than not' that he or she will be tortured, and not simply persecuted upon removal . . . ."). Denial of CAT relief is reviewed for substantial evidence. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations omitted). Here, the agency acknowledged that the record demonstrated that torture occurs in El Salvador but found that the limited evidence before it did not establish the likelihood that Escobar would suffer torture beyond a mere "possibility." Nothing in the record, including the general crime statistics Escobar cites, compels us to reach a contrary conclusion. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (affirming denial of CAT relief where petitioner only presented evidence that torture occurred in country of removal).

**PETITION FOR REVIEW DENIED.**